UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IDA MAE BARDWELL,<br><br>  Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA,<br><br>  Defendant. | Case No: C 17-3212 SBA<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL** |

On June 5, 2017, Plaintiff Ida Mae Bardwell ("Plaintiff") filed a pro se wrongful foreclosure Complaint against Bank of America ("Defendant"). The same day, the Court issued an Order directing Plaintiff to file her ADR Certification along with a Stipulation to ADR Process or Notice for Need for ADR Phone Conference by August 18, 2017. Dkt. 3. In a separate Order, Plaintiff was ordered to file her Joint Case Management Statement by no later than September 7, 2017, and to appear for the conference on September 14, 2017. Dkt. 7. Plaintiff has complied with none of those requirements.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In considering whether to dismiss a case under Rule 41(b), "the district court must weigh the following factors . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). Dismissal is appropriate "where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

| | |
|---|---|
| 1 | Separate from the above, the Court notes that there is no indication in the record that Plaintiff has served Defendant within ninety days of the filing of the Complaint. See Fed. R. Civ. P. 4(m). A court may dismiss an action without prejudice if the summons and complaint are not served on the defendants within 90 days or such further time as ordered by the court. Id.; see also Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007). Rule 4(m) requires the court to extend the time for service if a plaintiff shows good cause for the failure to timely serve the complaint. As a general matter, a showing of good cause requires more than simple inadvertence or a mistake. Wei v. State of Hawaii, 763 F.2d 370, 371-72 (9th Cir. 1985) (per curiam). "At a minimum, good cause means excusable neglect." Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991). Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff shall show cause why the instant action should not be dismissed under (a) Federal Rule of Civil Procedure 41(b) for failure to comply with a court order and (b) Federal Rule of Civil Procedure 4(m) for failure to serve the Complaint on Defendant within ninety days of the filing of the Complaint. Within fourteen (14) days of the date this order is filed, Plaintiff shall file a written memorandum, supported with a declaration if appropriate, to explain why the case should or should not be dismissed, taking into account the five factors set forth above relevant to Rule 41(b) and the "good cause" requirement under Rule 4(m). In addition, the memorandum shall set forth the nature of the cause, its present status, the reason it has not been brought to trial or otherwise terminated, any basis for opposing dismissal and its expected course if not dismissed. FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO DISMISS THE ACTION, WITHOUT FURTHER NOTICE.

IT IS SO ORDERED.

Dated: September 14, 2017

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge |